United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 06-10210

————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROY MATA,

Defendant - Appellant.

Appeal from the United States District Court
For the Northern District of Texas

Before GARWOOD, BARKSDALE and GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Roy Mata ("Mata") appeals his conviction and sentence for conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 846; possession with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a) & (b)(1)(A)(vii); and possession of a firearm by a convicted felon, in violation of 21 18 U.S.C. § 922(g)(1). Mata argues that: (1) the district court erred in declining to give Mata's requested jury instruction that a buyer-seller relationship is insufficient to support a conspiracy

conviction; (2) there was insufficient evidence introduced at trial to support Mata's conviction for possession of methamphetamine with intent to distribute; (3) the district court plainly erred in using Mata's prior convictions to enhance his sentence without first asking Mata whether he affirmed or denied those convictions, as required by 21 U.S.C. § 851(b); (4) 21 U.S.C. §§ 841 and 851 are unconstitutional because they do not require that the factual finding of prior convictions used to enhance a sentence beyond the statutory maximum be made beyond a reasonable doubt by a jury; (5) 18 U.S.C. § 922(g) is unconstitutional because it violates the Commerce Clause of the United States Constitution. We affirm.

I

Law enforcement officers apprehended Vincent Matthews ("Matthews") in Brownwood, Texas, as Matthews attempted to sell 1.5 pounds of methamphetamine to a police informant. Matthews was in possession of 598 grams of methamphetamine, a large amount of cash, digital scales, and drug paraphernalia. Matthews cooperated with the authorities after his arrest and identified Roy Mata as his methamphetamine supplier.

DEA Task Force Officers arrested Mata on a federal warrant. Mata, already a convicted felon, admitted to possessing a firearm. When the officers searched Mata's residence, they discovered large sums of cash, a loaded handgun, and a written recording of Matthews' name, address, and telephone number, jail booking number, date of birth, and U.S. Pretrial Services officer's name.

Mata was indicted and tried in federal court on one count of conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 846; one count of possession with intent to distribute more than 500 grams of methamphetamine,

in violation of 21 U.S.C. §§ 841(a) & (b)(1)(A)(vii); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

At trial, Matthews testified that Mata had regularly supplied him with ounces and pounds of methamphetamine. Mata initially agreed to "front" Matthews some methamphetamine and collect the amount owed once Matthews sold it. Mata supplied Matthews with methamphetamine every week or so. The deals mostly occurred at Mata's residence) ) Matthews would either pick up the methamphetamine directly from Mata or, if Mata was not going to be available, he left it inside a shed or in a trash can on his property for Matthews to pick up later. Heather Shaw ("Shaw"), Matthews' girlfriend, testified that she witnessed Matthews retrieve methamphetamine in this manner on several occasions. Matthews also testified that he purchased the 598 grams of methamphetamine he was apprehended with from Mata the previous evening.

A jury convicted Mata of each of the three offenses. The district court sentenced Mata to two concurrent life sentences on the conspiracy and possession of methamphetamine counts and a concurrent 120-month term on the possession of a firearm count. Mata was also sentenced to concurrent ten- and three-year terms of supervised release and ordered to pay a $300 special assessment. Mata filed a timely notice of appeal.

II

Mata first argues that the district court erred in refusing to instruct the jury on the defensive theory that evidence of a mere buyer-seller relationship is insufficient to support a conviction for conspiracy. The Government contends that the instruction on the law of conspiracy given by the district court adequately covered the buyer-seller relationship instruction.

We review a district court's refusal to give a requested jury instruction for an abuse of

discretion. *United States v. Thomas*, 12 F.3d 1350, 1365 (5th Cir. 1994). A defendant is entitled to an instruction on a recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor. *United States v. Maseratti*, 1 F.3d 330, 336 (5th Cir. 1993). We will reverse a district court's refusal to give a requested jury instruction only if three elements are present: (1) the requested instruction is substantially correct; (2) the requested instruction was not substantially covered in the charge as a whole; and (3) the omission of the requested instruction "seriously impaired the defendant's ability to present a given defense." *United States v. Cain*, 440 F.3d 672, 674 (5th Cir. 2006) (internal citations omitted). "[A] trial judge is under no obligation to give a requested jury instruction that misstates the law, is argumentative, or has been covered adequately by other instructions." *United States v. Asibor*, 109 F.3d 1023, 1035 (5th Cir. 1997).

It is well settled that evidence of a buyer-seller relationship is not, by itself, sufficient to support a conviction for conspiracy. *Maseratti*, 1 F.3d at 336. However, as the Government argues, we have consistently held that an adequate instruction on the law of conspiracy precludes the necessity of giving a buyer-seller instruction, even where the evidence supports the defense. *See, e.g., Asibor*, 109 F.3d at 1035 ("So long as the jury instruction given by the court accurately reflects the law on conspiracy, this court will conclude that the buyer-seller relationship has also been adequately covered."). This is because "if the evidence showed that a defendant is merely a buyer or seller, the elements necessary to prove a conspiracy would be lacking, and a not guilty verdict would result." *Maseratti*, 1 F.3d at 336.

At the jury charge conference, Mata requested that the district court instruct the jury that if the evidence showed that Mata was only involved in a buyer-seller relationship, then he could not be found guilty on the conspiracy charge. The district court refused to give the instruction, reasoning

that the conspiracy charge given to the jury adequately covered Mata's proposed instruction. The conspiracy charge given to the jury tracked the Fifth Circuit Pattern Jury Instruction. *See Fifth Circuit Pattern Jury Instructions:* Criminal § 2.89 (2001). As this is clearly an adequate instruction on the law of conspiracy (and Mata does not argue to the contrary), we find that the district court did not abuse its discretion in deciding not to also give the jury a buyer-seller instruction. *Asibor*, 109 F.3d at 1035.

III

Mata next challenges the sufficiency of the evidence supporting his conviction for possession of methamphetamine with intent to distribute. The indictment charged Mata with possessing 598 grams of methamphetamine on or about November 16. Mata argues that although the evidence demonstrated that, at some point, Mata distributed the methamphetamine that was confiscated from Matthews, the Government failed to establish that Mata actually or constructively possessed the methamphetamine on the date listed in the indictment.

We review the sufficiency of the evidence supporting a conviction *de novo*. *United States v. Harris*, 420 F.3d 467, 470 (5th Cir. 2005). "When reviewing the sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the verdict and determine whether a rational jury could have found the elements of the offense beyond a reasonable doubt." *United States v. Gutierrez-Farias*, 294 F.3d 657, 660 (5th Cir. 2002). We recognize that the jury was "free to choose among all reasonable constructions of the evidence," *United States v. Chaney*, 964 F.2d 437, 448 (5th Cir. 1992), and "accept all credibility choices that tend to support the jury's verdict." *United States v. Anderson*, 933 F.2d 1261, 1274 (5th Cir. 1991).

The essential elements of possession with the intent to distribute a controlled substance in

violation of 21 U.S.C. § 841 are (1) knowledge, (2) possession, and (3) intent to distribute the controlled substance. 21 U.S.C. § 841; *United States v. Solis*, 299 F.3d 420, 446 (5th Cir. 2002). Possession may be actual or constructive and may be proved by either direct or circumstantial evidence. *Solis*, 299 F.3d at 446. Constructive possession is the "knowing exercise of, or the knowing power or right to exercise dominion and control over the proscribed substance." *United States v. Cisneros*, 112 F.3d 1272, 1282 (5th Cir. 1997).

The Government did not request, nor did the district court give, any jury instruction related to either a theory of co-conspirator liability under the *Pinkerton* doctrine[1] or a theory that Mata aided and abetted Matthews' possession of the methamphetamine. Accordingly, as Mata correctly argues, his conviction can not be sustained under either of these theories. *See United States v. Crain*, 33 F.3d 480, 486 n.7 (5th Cir. 1994) ("[A] substantive conviction cannot be upheld solely under *Pinkerton* unless the jury was given a *Pinkerton* instruction."); *United States v. Sorrells*, 145 F.3d. 744, 752 (5th Cir. 1998) (same with respect to aiding and abetting). Therefore, the evidence must support a finding of actual or constructive possession.

The primary evidence against Mata on the possession charge was Matthews' testimony at trial. Matthews testified that the 598.9 grams of methamphetamine seized from him on November 16, 2004, was provided to him by Mata on the previous evening. Matthews did not directly testify that Mata personally transferred the methamphetamine to him at that time. However, Matthews testified that sometimes he picked up methamphetamine from Mata's home but not from Mata himself) ) Mata would sometimes leave it hidden outside his home in a receptacle such as a garbage

---

[1]In *Pinkerton v. United States*, 328 U.S. 640 (1946), the Supreme Court held that a conspirator can be found guilty of a substantive offense committed by a co-conspirator and in furtherance of the conspiracy, so long as the co-conspirator's acts are reasonably foreseeable.

can.

Mata argues that there is insufficient evidence that he had actual or constructive possession on the date charged in the indictment, November 16, because Matthews clearly testified that Mata sold him the methamphetamine the prior evening and there is no evidence that Mata maintained any control over it after that time. The Government concedes that the evidence does not show that Mata had possession on November 16. However, the Government argues that the fact that the evidence established that Mata had possession the night before the date alleged in the indictment is sufficient to support the conviction because the indictment alleged that Mata possessed it "on or about" November 16.

"[T]he 'prosecution, as a consequence of the use of the "on or about" designation, was not required to prove the exact date; it suffices if a date reasonably near is established.'" *United States v. Valdez*, 453 F.3d 252, 260 (5th Cir. 2006) (quoting *United States v. Grapp*, 653 F.2d 189, 195 (5th Cir. 1981). The district court instructed the jury in this respect: "The government does not have to prove that the crime was committed on that exact date [specified in the indictment], so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment." Accordingly, the fact that Matthews stated that he received the methamphetamine from Mata on the evening of November 15 is not fatal to the conviction because the two dates are reasonably close.

Nevertheless, Mata still argues that Matthews' testimony is insufficient to establish that Mata had actual or constructive possession of the methamphetamine on November 15. Mata stresses that although Matthews testified that he received the methamphetamine from Mata that night, Matthews did not indicate whether he received it personally from Mata or whether he picked it up from the trash

can or other receptacle on Mata's property. However, either interpretation of Matthews' testimony supports Mata's conviction. If the jury inferred that Matthews received the methamphetamine directly from Mata that night, then the testimony supports a finding of actual possession. Alternatively, if the jury inferred that Mata placed the drugs in a receptacle on his property for Matthews to pick up, then the testimony supports a finding that Mata maintained sufficient control over the methamphetamine to constitute constructive possession. *See Cisneros*, 112 F.3d at 1282. We find that either of these constructions of Matthews' testimony are reasonable and otherwise permissible, *see Chaney*, 964 F.2d at 448, and Mata cites no authority to the contrary.

Finally, Mata generally attacks Matthews' testimony on the grounds that the testimony of a witness that he purchased narcotics from a defendant the prior evening is insufficient to support a conviction for possession. Mata cites no authority supporting this proposition. Further, Mata's possession conviction is supported by more than just Matthews' testimony: the jury was also entitled to consider the evidence of the completed transaction (the 598.9 grams of methamphetamine), Matthews' other testimony related to his course of dealing with Mata, and Shaw's testimony that she repeatedly witnessed Matthews picking up methamphetamine from Mata. When this evidence is viewed in the light most favorable to the guilty verdict, we conclude that a reasonable jury could have found that Mata possessed the methamphetamine. *See Gutierrez-Farias*, 294 F.3d at 660. Accordingly, Mata's challenge to the sufficiency of the evidence supporting his possession fails.

IV

Mata next argues that the district court erred in using his prior convictions to enhance his sentence without first asking Mata whether he affirmed or denied those convictions, as required by 21 U.S.C. § 851(b). Because Mata failed to object on this basis below, we review for plain error.

*United States v. Binker*, 795 F.2d 1218, 1228-29 (5th Cir. 1986).

To establish plain error, a defendant must show that "(1) there is an error, (2) the error is clear or obvious, and (3) the error affects his substantial rights." *United States v. Coil*, 442 F.3d 912, 916 (5th Cir. 2006). If those three conditions are satisfied, we may grant relief if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ibarra-Zelaya*, 465 F.3d 596, 606 (5th Cir. 2006) (internal citations omitted).

Both 21 U.S.C. § 841 (possession with intent to distribute or distribution of controlled substances) and 21 U.S.C. § 846 (drug conspiracy) provide that if the defendant was previously convicted of two felony drug offenses, the sentence for an offense involving more than 500 grams of methamphetamine is mandatory life imprisonment. *See* 21 U.S.C. §§ 841, 846. However, 21 U.S.C. § 851 requires that, before a mandatory life sentence can be imposed, the United States Attorney file an information with the court (and serve a copy on defense counsel), "stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1). Prior to pronouncement of sentence, the district court must then ask the defendant whether he affirms or denies the prior convictions. 21 U.S.C. § 851(b).

In the instant case, the Government filed its information detailing Mata's three prior felony drug offenses, in compliance with § 851(a).[2] The Government concedes that the district court then failed to conduct the inquiry of Mata required by § 851(b). However, the Government argues that this failure did not constitute plain error because: (1) Mata was statutorily barred from challenging the convictions under § 851(e) because the convictions occurred more than five years before the filing

---

[2]The information, filed on September 8, 2005, alleged that Mata had previously been convicted of two felony drug offenses on August 31, 1992, and another felony drug offense on August 28, 1987.

date of the information; and (2) Mata has not otherwise suggested that he would have challenged the convictions if given the opportunity to do so.

Section 851(e) states that "[n]o person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." 21 U.S.C. § 851(e). Accordingly, we have held that a district court is not required to conduct the "rituals of § 851(b)" where any challenge to the validity of the prior convictions is statutorily barred under § 851(e). *United States v. Nanez*, 694 F.2d 405, 413 (5th Cir. 1982); *see also United States v. Fragoso*, 978 F.2d 896, 902 (5th Cir. 1992) (finding that "where [§ 851(e)] prohibits a challenge to a conviction," a court is not required to follow the requirements of § 851(b)). Each of Mata's prior felony drug convictions occurred well over five years before the filing of the enhancement information. Accordingly, the district court's failure to meet the requirements of § 851(b) does not constitute plain error in Mata's case. *See Fragoso*, 978 F.2d at 902-03.

In the alternative, Mata does not argue that he would have challenged the validity of the convictions had he been given an opportunity to do so by the district court pursuant to § 851(b). The failure of a defendant to argue that he would or could have raised a proper challenge to the validity of a conviction had he received a § 851(b) warning renders the district court's error harmless. *Fragoso*, 978 F.2d at 903; *see also United States v. Thomas*, 348 F.3d 78, 87 (5th Cir. 2003) (finding absence of plain error where defendant did not make showing that the prior convictions were unconstitutionally obtained or that he did not commit the underlying offenses). Accordingly, the district court's failure to satisfy § 851(b) in the instant case does not constitute plain error for this reason as well.

V

Mata also argues that 21 U.S.C. §§ 841 and 851 are unconstitutional because they do not require that the factual finding of prior convictions used to enhance a sentence beyond the statutory maximum be made beyond a reasonable doubt by a jury. However, as Mata concedes, this argument is foreclosed by the Supreme Court's decisions in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).[3] Accordingly, this argument fails.

VI

Lastly, Mata argues that 18 U.S.C. § 922(g) violates the Commerce Clause of the United States Constitution because it permits conviction in the absence of a "substantial" effect on interstate commerce.[4] However, as Mata concedes, this argument is foreclosed by our holding in *United States v. Daugherty*, 264 F.3d 513 (5th Cir. 2001).[5] Accordingly, this argument fails as well.

VII

For the foregoing reasons, we AFFIRM.

---

[3]In *Almendarez-Torres*, the Supreme Court rejected the petitioner's constitutional claim that his prior conviction should be treated as an element of his charged offense, thereby requiring a jury finding of the fact of the prior conviction. *Almendarez-Torres*, 523 U.S. at 226. In *Apprendi*, the Court held that only facts other than the fact of a prior conviction that increase the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490.

[4]Section 922(g) makes it a crime for a felon to "possess in or affecting interstate commerce, any firearm . . . ." 18 U.S.C. § 922(g).

[5]In *Daugherty*, we held that "the constitutionality of § 922(g) under the Commerce Clause is not open to question" and that evidence showing that a firearm was manufactured outside of the state in which it was possessed was sufficient to support a conviction. *Daugherty*, 264 F.3d at 518 (internal quotations omitted).