# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-50385
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CRISTOBOL RODRIGUEZ-MARIN, also known as Cristobo Marin-Rodriguez

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-147-2

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Cristobol Rodriguez-Marin appeals his conviction after a jury trial for aiding and abetting Lizandro Gonzalez-Rodriguez's possession with intent to distribute at least 500 grams of methamphetamine. See 21 U.S.C. § 841(a)(1) and (b)(1); 18 U.S.C. § 2. He argues that the evidence was insufficient to sustain his conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court will uphold the jury's verdict if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). The evidence, both direct and circumstantial, is viewed in the light most favorable to the jury's verdict. See United States v. Resio-Trejo, 45 F.3d 907, 910, 911 (5th Cir. 1995).

To prove that a defendant violated § 841(a)(1), the Government must prove beyond a reasonable doubt that the defendant knowingly possessed a controlled substance with the intent to distribute it. § 841; See United States v. Mata, 491 F.3d 237, 242 (5th Cir. 2007). To sustain a defendant's conviction on an aiding-and-abetting charge, the evidence must support beyond a reasonable doubt the inference that the defendant knew that a drug transaction was occurring, that he associated himself with the actors involved in the transaction, that he participated in the venture with the desire that the venture succeed, and that he perform some designed or intended action to achieve the goal of the crime. See United States v. Jaramillo, 42 F.3d 920, 923 (5th Cir. 1995).

Before his arrest, Rodriguez-Marin accompanied Gonzalez-Rodriguez when Gonzalez-Rodriguez was either negotiating drug deals with Frank Rodriguez or dealing drugs to Frank Rodriguez. On those occasions, he listened to the drug negotiations or watched Gonzalez-Rodriguez and Rodriguez exchange drugs for cash. On the day of his arrest, Gonzalez-Rodriguez went to Rodriguez-Marin's house and had methamphetamine with him. Gonzalez-Rodriguez spoke to Rodriguez on the phone about a three-pound methamphetamine deal while he was in Rodriguez-Marin's house. Gonzalez-Rodriguez and Rodriguez-Marin then checked into a motel that was close to where the drug deal was going to take place, and, before going to the drug deal, Gonzalez-Rodriguez and Rodriguez-Marin drove around and looked around in a manner consistent with counter-surveillance by drug dealers.

When viewing the evidence in the light most favorable to the verdict, we conclude that the jury reasonably found that Rodriguez-Marin actively participated in Gonzalez-Rodriguez's possession of the three pounds of methamphetamine that were supposed to be delivered to Rodriguez. See Resio-Trejo, 45 F.3d at 910, 911. Rodriguez-Marin was a known associate of Gonzalez-Rodriguez, he knew that when Gonzalez-Rodriguez was meeting with Rodriguez it concerned drugs, he knew Gonzalez-Rodriguez was planning on delivering three-pounds of methamphetamine to Rodriguez, he accompanied Gonzalez-Rodriguez on the delivery, and he acted as if he were conducting counter-surveillance of the area where the drugs were going to be delivered. The combination of these circumstances created sufficient evidence of guilt. See United States v. Dean, 59 F.3d 1479, 1484-88 (5th Cir. 1995). Rodriguez-Marin's conviction is AFFIRMED.