# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 13, 2009

Charles R. Fulbruge III
Clerk

No. 07-51489
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RICARDO AMARO ZAPATA, also known as Ricardo Zapata Amaro

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-411-1

Before JONES, Chief Judge, and STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Ricardo Amaro Zapata appeals his 120-month sentence following his guilty plea conviction for conspiracy to possess and possession with intent to distribute 100 kilograms or more of a mixture containing marijuana. Zapata argues that his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000), because his indictment did not allege the prior conviction used to increase both his sentencing guideline range and his mandatory minimum sentence. As Zapata

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

acknowledges, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Mata, 491 F.3d 237, 245 (5th Cir. 2007), cert. denied, 128 S. Ct. 1219 (2008).

Zapata argues that the district court committed reversible error by denying him a minor role adjustment to his offense level and by not articulating the factual basis for the denial. The record demonstrates that Zapata's ongoing participation in the transportation of multiple kilograms of marijuana provided an indispensable service to the drug trafficking operation and was essential to its success. See United States v. Brown, 54 F.3d 234, 241 (5th Cir. 1995).

The requirement that the district court articulate a sufficient factual basis for the denial of a minor role adjustment can be satisfied through implicit findings, such as when the district court adopts the presentence report, which occurred in this case. See United States v. Gallardo-Trapero, 185 F.3d 307, 324 (5th Cir. 1999). Accordingly, the judgment of the district court is AFFIRMED.