**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-41099
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVE RODRIGUEZ MELENDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CR-157-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Steve Rodriguez Melendez appeals his jury trial conviction and 121-month sentence imposed for conspiracy to possess with intent to manufacture and distribute methamphetamine. Melendez argues that the record contained no evidence that showed that he agreed to become a member of the conspiracy and that his conviction resulted in a miscarriage of justice.

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

Because Melendez did not renew his motion for a judgment of acquittal following the close of the evidence, he must show that the trial record was devoid of evidence of his guilt and, thus, that his conviction resulted in a manifest miscarriage of justice. *United States v. Avants*, 367 F.3d 433, 449 (5th Cir. 2004).

A review of the record reflects that it was not devoid of evidence. The record reflects that Melendez agreed to participate in the conspiracy to distribute the methamphetamine and that he participated by storing and transporting the methamphetamine intended for sale and distribution. The evidence reflects that Melendez left an apartment carrying a Nike box and that he subsequently disposed of the box because it contained one pound of methamphetamine. The jury apparently found Melendez's testimony that he left the apartment only with a gun in the Nike box not to be credible. This finding was plausible in light of the testimony that coconspirator Placido Medina-Gonzalez believed that he was receiving a pound of methamphetamine through his nephew, Jose Hernandez's, contact and the testimony of Hernandez that he and Danny Melendez went to the apartment for the specific purpose of picking up the drugs for the intended sale. The jury could have found based on the evidence that it was unlikely that Danny Melendez would have taken the risk and further delayed the delivery to pick up Steve Melendez at the apartment if the drugs were already in the car. The jury also apparently rejected Steve Melendez's story that he believed the purpose of the trip was to go out to eat and that he had no knowledge of the presence of the drugs until after Danny Melendez decided to cancel the sale. In light of the evidence presented and giving the jury's credibility findings the deference to which they are entitled, the finding of guilt did not result in a manifest miscarriage of justice. *See United States v. Mata*, 491 F.3d 237, 242 (5th Cir. 2007); *Avants*, 367 F.3d at 449. The conviction is affirmed.

Next, Melendez argues that the district court erred by failing to grant a "downward department adjustment" based on his minor or minimal role in the offense and asserts for the first time on appeal that the sentence was not reasonable. "It is not enough that a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity." *United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005) (quotation marks omitted). For purposes of U.S.S.G. § 3B1.2, a defendant's participation in the offense is not to be evaluated with reference to the entire criminal enterprise of which the defendant was a part but in relation to the conduct for which the defendant was held accountable. *United States v. Garcia*, 242 F.3d 593, 598–99 (5th Cir. 2001). If a sentence is based on activity in which a defendant was actually involved, § 3B1.2 does not require a reduction in the base offense level even though the defendant's activity in a larger conspiracy may have been minor. *United States v. Atanda*, 60 F.3d 196, 199 (5th Cir. 1995).

The jury held Melendez accountable for only the one pound of methamphetamine that Danny Melendez agreed to deliver. There was plausible evidence that Melendez stored that methamphetamine and that he assisted in its attempted transportation to the intended buyer. Steve Melendez's part in that aspect of the drug conspiracy was not peripheral to its advancement. Therefore, the district court did not clearly err in determining that Steve Melendez was not a minor or minimal player in the criminal activity and in refusing to make an adjustment on that basis.[1] The sentence is affirmed.

CONVICTION AND SENTENCE AFFIRMED.

---

[1] Melendez states in passing that his sentence is unreasonable, but he does so in the context of the § 3B1.2 adjustment and he does not present any other argument why the sentence is unreasonable. Thus, having rejected his contentions regarding § 3B1.2, we do not undertake a separate reasonableness analysis.