**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-11030
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOE EZEOKEKE,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-16-ALL

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Joe Ezeokeke appeals from his 138-month sentence of imprisonment for possession of cocaine with intent to distribute. He contends that the district court erred by adjusting his offense level for obstruction of justice, pursuant to U.S. Sentencing Guidelines Manual § 3C1.1, based on its determination that he committed perjury at trial and that his sentence was substantively unreasonable.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Ezeokeke contends that the district court based the adjustment on an implicit finding in the district court's verdict that his testimony was not credible and on his denial of guilt. The district court adopted the findings in Ezeokeke's presentence report (PSR), which set out facts and a legal discussion as to why an obstruction adjustment was warranted. As adopted, the PSR's factual findings became the findings of the district court. *See United States v. Cabral-Castillo,* 35 F.3d 182, 186 (5th Cir. 1994); *United States v. Laury,* 985 F.2d 1293, 1309 n.20 (5th Cir. 1993).

The record indicates that Ezeokeke testified falsely about his reasons for coming to the United States, his reason for traveling to Houston, the movement of money into and out of his bank account, and telephone numbers relevant to the case. The facts support the adjustment for obstruction of justice. The elements of possession with intent to distribute a controlled substance under 21 U.S.C. § 841 are "(1) knowledge, (2) possession, and (3) intent to distribute the controlled substance." *United States v. Mata,* 491 F.3d 237, 242 (5th Cir. 2007). Ezeokeke's story, if believed, would have negated the knowing possession and intent to distribute elements of the crime. His testimony was material for purposes of the obstruction guideline. *See* U.S. Sentencing Guidelines Manual § 3C1.1 cmt. n.6. The district court did not err by adjusting Ezeokeke's offense level for obstruction. *See United States v. Storm,* 36 F.3d 1289, 1295–97 (5th Cir. 1994).

Ezeokeke raised the same arguments in the district court for a sentence at the low end of the guideline sentencing range that he now raises to challenge the reasonableness of the sentence. The district court heard Ezeokeke's arguments and was not persuaded by those arguments to sentence him at the low end of the guideline sentencing range. Moreover, Ezeokeke's arguments do not suggest mitigating factors distinguishing him from any other similarly situated defendants. Ezeokeke has failed to rebut the presumption of

correctness given to his within-range sentence. *See United States v. Gomez-Herrera,* 523 F.3d 554, 565–66 (5th Cir.), *cert. denied,* 129 S. Ct. 624 (2008).

AFFIRMED.