# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 23, 2012

No. 11-40726
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO GARCIA-CHAVEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-204-2

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Mario Garcia-Chavez appeals his conviction for conspiracy to possess with intent to distribute 53.42 kilograms of marijuana and possession with intent to distribute 53.42 kilograms of marijuana. *See* 21 U.S.C. § 841(a)(1), (b)(1)(C); § 846. Garcia-Chavez argues that the evidence was insufficient to establish that he (1) knowingly and intentionally conspired to possess with intent to distribute marijuana or (2) knowingly and intentionally possessed with intent to distribute marijuana.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garcia-Chavez moved for a "directed verdict" at the close of the Government's case-in-chief, but he failed to renew the motion at the close of all evidence. *See United States v. Martin Linen Supply Co.*, 430 U.S. 564, 567 n.5 (1997) (noting that FED. R. CRIM. P. 29(a) substituted the term "judgment of acquittal" for "directed verdict" and that the change was purely formal). Thus, review is for plain error. *See United States v. Delgado*, __ F.3d __, No. 07-41041, 2012 WL 574012, at *4-5 (5th Cir. Feb. 28, 2012) (en banc); *United States v. Pierre*, 958 F.2d 1304, 1310 (5th Cir. 1992) (en banc). He must show (1) an error or defect, (2) that was clear or obvious, and (3) that affected his substantial rights. *See Delgado*, 2012 WL 574012, at *4. If he meets those three prongs, this court has the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* Applying the plain error standard in the sufficiency of the evidence context, reversal is warranted only upon a showing of "a *manifest* miscarriage of justice." *Id.* at *5; *Pierre*, 958 F.2d at 1310. The court will find the requisite "'obviousness'" only if "'the record is *devoid of evidence* pointing to guilt or if the evidence is so tenuous that a conviction is shocking.'" *Delgado*, 2012 WL 574012, at *5 (quoting *United States v. Phillips*, 477 F.3d 215, 219 (5th Cir. 2007)).

To sustain Garcia-Chavez's conviction for the drug conspiracy, the Government was required to prove that (1) two or more people entered into an agreement or conspiracy to possess marijuana with the intent to distribute it, (2) Garcia-Chavez knew of the conspiracy, and (3) he willfully joined and participated in the conspiracy. *See United States v. Franklin*, 561 F.3d 398, 402 (5th Cir. 2009). The Government may prove its case by direct or circumstantial evidence, and the jury is free to choose among reasonable constructions of the evidence. *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007).

Contrary to Garcia-Chavez's suggestion that the evidence at his trial was purely circumstantial, the Government introduced through Dearing's testimony ample direct evidence of Garcia-Chavez's participation in the conspiracy to

possess with intent to distribute marijuana. *See, e.g.*, *United States v. Garcia*, 567 F. 3d 721, 732 (5th Cir. 2009) (noting that testimony that witness saw defendant serve as a "lookout" was direct evidence that defendant was acting as a lookout for a marijuana operation); *see generally Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) ("Direct evidence is evidence which, if believed, proves the fact without inference or presumption."). Garcia-Chavez is, in essence, asking this court to assess Dearing's credibility and weigh the evidence, which we will not do. *See United States v. Delgado*, 256 F.3d 264, 273-74 (5th Cir. 2001).

Moreover, the jury may have found it implausible that although the weather was exceptionally cold and Garcia-Chavez's health was fragile, Garcia-Chavez, who was in possession of $160, chose to travel with Dearing by boat to Corpus Christi to visit a family member rather than to use another means of transportation. Implausible explanations can constitute evidence of guilty knowledge. *United States v. Villareal*, 324 F.3d 319, 325 (5th Cir. 2003); *United States v. Diaz-Carreon*, 915 F.2d 951, 954-55 (5th Cir. 1990). Contrary to Garcia-Chavez's suggestion, the evidence did not consist merely of evidence placing him at the scene of a drug smuggling endeavor. *See United States v. Mendoza*, 226 F.3d 340, 343 (5th Cir. 2000).

In order to sustain a conviction for a controlled substances violation pursuant to § 841, the Government had to prove that Garcia-Chavez knowingly possessed the marijuana with the intent to distribute. *United States v. Mata*, 491 F.3d 237, 242 (5th Cir. 2007). Although the knowledge element for possession of contraband is rarely proven by direct evidence, *United States v. Lopez*, 74 F.3d 575, 577 (5th Cir. 1996), Dearing testified at trial that Garcia-Chavez asked for his help in smuggling marijuana and that Garcia-Chavez delivered the marijuana to the hotel parking lot and helped to repackage the marijuana before placing it back into the black boxes. Garcia-Chavez's attempt

to persuade this court to assess Dearing's credibility and reweigh the evidence is unavailing.  *See Delgado*, 256 F.3d at 273-74.

The record is not devoid of evidence that Garcia-Chavez conspired to possess with intent to distribute marijuana and possessed with intent to distribute marijuana.  *See Delgado*, 2012 WL 574012, at \*5; *Phillips*, 477 F.3d at 219.  The judgment of the district court is AFFIRMED.