# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 25, 2012

No. 10-51154
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN PARRA-PEREZ, also known as Juan Parra, also known as Roberto
Garcia-Martinez, also known as Juan Perrez-Parra, also known as Juan Perez,
also known as Miguel Miranda, also known as Roberto Garcia,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-1324-1

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Juan Parra-Perez appeals from his conviction of conspiracy to possess with intent to distribute methamphetamine and possession with intent to distribute methamphetamine. He argues that the district court erred by failing to strictly comply with the requirements of 21 U.S.C. § 851 as to his 2009 state court conviction of possession of a controlled substance with intent to deliver before

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

using that conviction to enhance his mandatory minimum sentence to 20 years of imprisonment pursuant to 21 U.S.C. § 841 (b)(1)(A)(viii).  Parra-Perez next argues that the district court erred by basing its determination that he had incurred a prior conviction for a felony drug offense entirely on the presentence report (PSR) and the enhanced felony information, without reference to the kinds of documents required by *Shepard v. United States*, 544 U.S. 13 (2005). He further contends that his criminal history score was incorrect if the enhancement conviction was not properly proved.

None of the contentions raised on appeal were raised in the district court. Those contentions therefore are reviewed for plain error.  *See United States v. Mata*, 491 F.3d 237, 244 (5th Cir. 2007); *United States v. Jenkins*, 487 F.3d 279, 281 (5th Cir. 2007).  To establish reversible plain error, a defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States,* 556 U.S. 129, 135 (2009).  If the defendant makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Here, appellate counsel concedes that trial counsel was provided with copies of the indictment and judgment relevant to Parra-Perez's 2009 Texas conviction, and that those documents prove the conviction alleged in the Government's enhanced penalty information.  We treat counsel's concessions as judicially binding admissions of fact.  *See Campbell v. Sonat Offshore Drilling, Inc.*, 979 F.2d 1115, 1119 (5th Cir. 1992); *City Nat'l Bank v. United States*, 907 F.2d 536, 544 (5th Cir. 1990).  Parra-Perez thus cannot demonstrate that he could have raised a successful challenge to the use of the 2009 Texas conviction, and he cannot demonstrate that reliance on the PSR and enhanced penalty information affected his substantial rights.  He therefore cannot demonstrate reversible plain error.  *See Puckett,* 556 U.S. at 135; *Mata*, 491 F.3d at 245.

AFFIRMED.