# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 22, 2012

No. 11-51013
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOE MADRID, also known as JOSE MADRID,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-2624-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Joe Madrid was convicted by a jury of conspiracy to import 100 kilograms or more of marijuana (Count One), importation of 100 kilograms or more of marijuana (Count Two), conspiracy to possess with intent to distribute 100 kilograms or more of marijuana (Count Three), and possession with intent to distribute 100 kilograms or more of marijuana (Count Four). He was sentenced to concurrent 10-year terms of imprisonment on all counts, which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is the mandatory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(B)(vii). He challenges the sufficiency of the evidence as to all of these convictions.

As Madrid preserved his sufficiency challenge, we apply de novo review and decide "whether, viewing all the evidence in the light most favorable to the verdict, a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *United States v. Villarreal*, 324 F.3d 319, 322 (5th Cir. 2003) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). All reasonable inferences and all credibility determinations are made in the light most favorable to the verdict. *Villarreal*, 324 F.3d at 322.

Madrid first contends that there was insufficient evidence to establish that he conspired to import marijuana or that he conspired to possess marijuana with the intent to distribute. He argues that the testimony given by several government witnesses lacks credibility because they are convicted felons who testified against him in the hope of obtaining some benefit from the government. He also asserts that there is a dearth of corroborating documentary evidence.

Proof of a conspiracy requires evidence showing "(1) an agreement between two or more persons to pursue an unlawful objective; (2) the defendant's knowledge of the unlawful objective and voluntary agreement to join the conspiracy; and (3) an overt act by one or more of the members of the conspiracy in furtherance of the objective of the conspiracy." *United States v. Fernandez*, 559 F.3d 303, 322 (5th Cir. 2009) (quotation marks and citation omitted). A defendant's conspiracy conviction may rest on the uncorroborated testimony of a coconspirator, even if that person is testifying in exchange for leniency, as long as the witness's testimony is not incredible. *United States v. Patino-Prado*, 533 F.3d 304, 309 (5th Cir. 2008).

The government presented several witnesses who testified that Madrid agreed to participate, and did participate, in schemes to import marijuana and to possess distributable amounts of marijuana. None of this testimony was incredible as a matter of law. *See id.* Further, assessing the weight and

credibility of the evidence is the "exclusive province" of the jury; thus, to the extent Madrid bases his sufficiency challenge on an argument that the government's witnesses lacked credibility, it fails. *See United States v. Johnson*, 381 F.3d 506, 508 (5th Cir. 2004). Madrid's challenge to his conspiracy convictions (Count One and Count Three) is without merit.

Madrid next claims that there was insufficient evidence to establish that he knowingly possessed marijuana with the intent to distribute or that he imported marijuana. "In order to prove possession of marijuana with intent to distribute, the government must prove beyond a reasonable doubt the (1) knowing possession (2) of marijuana (3) with intent to distribute." *United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008). These same elements, along with proof that the defendant played a role in bringing the marijuana into the United States from a foreign country, may support an importation conviction. *See United States v. Rodriguez-Mireles*, 896 F.2d 890, 893 (5th Cir. 1990). "Possession may be actual or constructive and may be proved by either direct or circumstantial evidence." *United States v. Mata*, 491 F.3d 237, 242 (5th Cir. 2007).

There was testimony that on several occasions Madrid assisted in the unloading of vehicles that had been used to smuggle distributable quantities of marijuana into the United States. In the course of so doing, Madrid possessed the marijuana. He has not shown that the evidence was insufficient with regard to his conviction of possession of marijuana with intent to distribute (Count Four).

As to his conviction for importation of marijuana, Madrid points out that there is no evidence that he possessed or occupied a vehicle that contained marijuana at the point of entry. "One need not personally be caught exactly at the border to be indicted for importation of a controlled substance. Neither does one have to be directly involved in the transportation of the contraband." *United States v. Gramlich*, 551 F.2d 1359, 1363 (citation omitted). Under the rule of

*Pinkerton v. United States*, 328 U.S. 640 (1946), "a conspirator can be found guilty of a substantive offense committed by a co-conspirator and in furtherance of the conspiracy, so long as the co-conspirator's acts are reasonably foreseeable." *Mata*, 491 F.3d at 242 n.1

The evidence shows that Madrid conspired with others to import marijuana into the United States, and that, for this very purpose, he accompanied a married couple in Mexico and assisted in their importation of marijuana on at least three occasions. The evidence was therefore sufficient, under a *Pinkerton* theory of liability to support Madrid's conviction on Count Two based on the importation of the contraband by a co-conspirator. *See id.*

Finally, Madrid asserts that the evidence was insufficient to support a determination that any of his offenses involved 100 kilograms or more of marijuana. He contends that the evidence could be interpreted as showing that he was involved in no more than three loads of marijuana and that each load contained just 31.7 kilograms of contraband, which would not add up to 100 kilograms. We view the evidence in the light most favorable to the verdict. *See Villarreal*, 324 F.3d at 322. Madrid's contention fails to establish that there was insufficient evidence of the quantity of the marijuana involved.

AFFIRMED.