# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40780
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 12, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDMOND DEMON HADNOT, also known as Edo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-558-2

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Edmond Demon Hadnot was convicted by a jury of conspiracy to possess marijuana with intent to distribute and aiding and abetting the possession of marijuana with intent to distribute and was sentenced, below the guidelines range, to concurrent terms of 120 months of imprisonment. On appeal, Hadnot contends that (1) the evidence was insufficient to support his convictions; (2) the prosecutor improperly injected his personal opinions and beliefs into

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the trial and improperly bolstered the testimony of Government witnesses, and the trial was tainted by the prosecutor's cumulative errors; (3) various text messages and police testimony about coconspirators identifying him as a participant in the conspiracy were admitted in violation of the hearsay rule and the Confrontation Clause; (4) the Government's use of summary charts of phone calls between the conspiracy members was improper; and (5) the district court failed to admonish him of the procedural safeguards of 21 U.S.C. § 851(b) during sentencing.

Viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, any rational trier of fact could have found that the essential elements of both charges were proved beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Two of Hadnot's coconspirators, Randle and Cane—whom the jury found credible—testified as to his personal role in planning, supplying, and executing a scheme to transport marijuana through a border checkpoint using hidden compartments in the witnesses' vehicles, which included his concocting cover stories for the drivers and counseling the use of the hidden compartments. *See United States v. Mendoza*, 522 F.3d 482, 489 (5th Cir. 2008). That Hadnot never personally or constructively possessed any marijuana is immaterial. *See United States v. Pena*, 949 F.2d 751, 755 (5th Cir. 1991). The jury's construction of evidence was reasonable, and its finding of guilt on each count was not irrational. *See United States v. Meza*, 701 F.3d 411, 422-23 (5th Cir. 2012); *United States v. Lopez-Urbina*, 434 F.3d 750, 757 (5th Cir. 2005).

Hadnot fails to show prosecutorial misconduct, plain or otherwise. Neither the prosecutor's questions to Randle and Cane as to whether each had engaged in a conspiracy with Hadnot nor his related questions to a subsequent police witness conveyed, either explicitly or implicitly, his personal belief that

a conspiracy existed, let alone suggested that such belief was based on facts outside the trial evidence. *See United States v. Delgado*, 672 F.3d 320, 336 (5th Cir. 2012). Furthermore, the prosecutor's questioning Randle and Cane about his pretrial admonishments to testify truthfully did not amount to a personal assurance by him that their testimony would be truthful, did not imply that he had determined their testimony to be so, and would not lead the jury to reasonably believe that he knew of undisclosed extrinsic evidence that convinced him of Hadnot's guilt. *See United States v. Sosa*, 897 F.3d 615, 621 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 833 (2019); *United States v. Gracia*, 522 F.3d 597, 601 (5th Cir. 2008); *United States v. Binker*, 795 F.2d 1218, 1223 (5th Cir. 1986). And because Hadnot shows no error, "the cumulative error doctrine has no applicability to [his] trial." *Delgado*, 672 F.3d at 344.

Because Hadnot did not preserve his objections to hearsay and confrontation error, they are reviewed for plain error. *See United States v. Montes-Salas*, 669 F.3d 240, 247 (5th Cir. 2012); *United States v. Acosta*, 475 F.3d 677, 680 (5th Cir. 2007). His failure to adequately brief the plain error standard aside, Hadnot cannot show a clear or obvious error affecting his substantial rights because, given the ample evidence of his guilt, there is not a reasonable probability that exclusion of the challenged evidence would have resulted in a different verdict. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016).

Finally, the district court did not plainly err at sentencing by omitting § 851(b)'s admonition that Hadnot must raise any challenge to a prior conviction used to enhance his sentence before sentence is imposed. *See United States v. Mata*, 491 F.3d 237, 244 (5th Cir. 2007). Hadnot was barred from challenging his then-25-year old prior convictions by § 851(e), and "a district court is not required to conduct the rituals of § 851(b) where any challenge to

No. 17-40780

the validity of the prior convictions is statutorily barred under § 851(e)." *Mata*, 491 F.3d at 245.

We AFFIRM Hadnot's convictions and sentences.