United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40960
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN ANTHONY GODIN,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-67-6

Before GARWOOD, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

John Anthony Godin appeals the sentence imposed July 14, 2004
by the district court following his guilty-plea conviction for
conspiracy to possess with the intent to distribute cocaine. As
his sole point of error on appeal, Godin argues that under *Blakely
v. Washington*, 542 U.S. 296 (2004), and the Sixth Amendment, only
the facts admitted by him in conjunction with his guilty plea

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should have been used to enhance his sentencing range.

Under *United States v. Booker*, 543 U.S. 220 (2005), where a defendant's sentencing range is increased based on facts not found by a jury or admitted by the defendant, the sentence violates the Sixth Amendment. *United States v. Cain*, 440 F.3d 672, 676 (5th Cir. 2006). Because Godin preserved his Sixth Amendment argument for review on appeal by raising a *Blakely* objection in the district court, our review is for harmless error. *See United States v. Pineiro*, 410 F.3d 282, 285-86 (5th Cir. 2005).

There is nothing in the record that would support a determination that the district court would have imposed the same sentence absent its reliance, for sentencing guideline enhancement purposes, on facts not found by a jury nor found beyond a reasonable doubt and not admitted by the defendant. *Id*. The government concedes it cannot make the requisite showing of harmlessness. Accordingly, Godin's sentence is VACATED and the case is REMANDED for resentencing.