United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 16, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-11051

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN OMAR RUIZ,

Defendant-Appellant.

Appeal from the United States District Court for
the Northern District of Texas
(No. 4:04-CR-155)

Before REAVLEY, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

We affirm the district court's judgment in this case for the following reasons:

1.    We hold that the jury was presented with sufficient evidence to find that Ruben Ruiz

("Ruiz") willfully deprived David Davis of his Fourth Amendment right to be free

from the use of unreasonable force by one acting under the color of law. *See* 18

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

U.S.C. § 242. Viewing this evidence in the light most favorable to the government, we hold that a rational jury could have found the elements of the offense proven beyond a reasonable doubt. *See United States v. Gonzales*, 436 F.3d 560, 571 (5th Cir.), *cert. denied*, 126 S.Ct. 2363 (2006); *United States v. Adair*, 436 F.3d 520, 525 (5th Cir. 2006).

2. Specifically, the jury heard testimony from five other police officers, each of whom testified that Ruiz kicked, kneed, or stepped on Davis's head while he was lying face down on the ground and while the other officers present at the arrest worked to handcuff Davis. Several officers testified that Ruiz's use of force was excessive under the circumstances. The jury viewed a videotape of the incident shot from a police helicopter which corroborated the officers' version of events. The jury heard testimony from the medic who treated Davis for his injuries following the arrest; the medic reported that Davis stated that he was in pain and that he was hit at least six times during the arrest. Finally, the jury viewed a photograph of Davis taken after his arrest and treatment, in which the injuries he suffered to his face are apparent. This evidence was sufficient to support a guilty verdict. Though Ruiz asserts that the facts of this case are convoluted and that the witnesses' versions of events were inconsistent, he does not contest that the jury heard a great deal of direct evidence against him.

3. We hold that the jury instructions given by the district court did not substantially mislead the jury as to the elements of the offense or impair Ruiz's ability to present a given defense. *United States v. Cain*, 440 F.3d 672, 674 (5th Cir. 2006); *United*

*States v. Haas*, 171 F.3d 259, 267 (5th Cir. 1999).

4. Ruiz asserts that the district court abused its discretion by failing to instruct the jury that Davis's injuries must have resulted "directly and only" from his actions. We find that the district court properly instructed the jury that it had to determine that Ruiz's excessive use of force was the cause of Davis's injuries, which is the law of this circuit. *United States v. Brugman*, 364 F.3d 613, 616 (2004), from which Ruiz selected the language he requested for his instruction, did not change the law of this circuit, it merely reiterated it: *Brugman*'s formulation of the standard indicates that the injury must have resulted from an excessive, not a reasonable, use of force.

5. Ruiz also asserts that the district court abused its discretion by failing to instruct the jury that Davis's injuries must have been more than "*de minimis*." Because we find that Davis's injuries were plainly not *de minimis*, and because any instruction regarding this legal concept would likely have only confused the jury, the district court did not abuse its discretion. *See Haas*, 171 F.3d at 267.

6. Finally, Ruiz contends that the district court erred by failing to proffer a definition of "willfulness" within the offense elements, as in the Fifth Circuit pattern instructions for 18 U.S.C. § 242. Ruiz correctly points out that the pattern instruction states that an element of the offense is that "the defendant acted willfully, that is, that the defendant committed such act or acts with a bad purpose or evil motive, intending to deprive the victim of that right." *See* FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL) § 2.18 (2001). The district court, in its explanation of the elements of the offense, instructed the jury that "an act is done willfully if it is done voluntarily and

3

intentionally, and with the specific intent to do something the law forbids; that is, with a bad purpose or evil motive either to disobey or disregard the law." Ruiz asserts that the district court's failure to use the pattern instruction renders the instruction insufficient, but the district court used the very language in the pattern instructions in its explanation of the willfulness element. Ruiz asserts that the definition of "willfully" offered by the district court was incorrect, but does not explain why this is so. By using language substantially similar to the language in the pattern instructions, the district court acted well within its latitude to instruct the jury.

AFFIRMED.