IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 11, 2008

Charles R. Fulbruge III
Clerk

No. 05-30016
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DUNCAN E WILLIAMS

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03-CR-126-2

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Duncan E. Williams appeals his convictions and sentences imposed following his jury trial convictions for conspiracy to possess with intent to distribute five or more kilograms of cocaine and with possession with intent to distribute and aiding and abetting in the possession with intent to distribute five or more kilograms of cocaine. Williams was sentenced to a term of imprisonment of 252 months on each count, the terms to run concurrently.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Williams argues that the district court erred in denying his motion for a judgment of acquittal because the evidence was insufficient to support his convictions. He contends that the drugs were seized from Ramos and that the only evidence implicating him in the drug trafficking was Ramos's testimony given as a result of his cooperation agreement with the Government. Williams asserts that there was no significant corroborating evidence presented.

Where, as here, a defendant makes a timely motion for acquittal at the close of the Government's case and at the close of all evidence, he has properly preserved his sufficiency claim. United States v. Williams, 520 F.3d 414, 419 (5th Cir. 2008). Review of the motion for acquittal is de novo and is "narrow." Id. at 420 (internal citation and quotation omitted). This court will uphold a jury's verdict if after viewing the evidence and inferences drawn from it in the light most favorable to the verdict, a reasonable trier of fact could conclude from the evidence that the essential elements of the offense were established beyond a reasonable doubt. Id.

Ramos's testimony reflected that Ramos entered into an agreement with Tony and Williams to transport a large and valuable quantity of cocaine to Louisiana. The quantity, value, and purity of the drugs involved was evidence that the conspiracy involved the possession of the cocaine with an intent to distribute the cocaine. United States v. Cain, 440 F.3d 672, 675 (5th Cir. 2006).

In addition to Ramos's testimony, the testimony of the involved officers, the cell phone records, and particularly the testimony of Williams's nephew all supported a determination that Williams participated in the drug conspiracy. Ramos's testimony was corroborated by the number of cell phone calls between Ramos and Williams on the day of the stop, the testimony of Williams's nephew that he had seen the limousine at Tony's house and that he had heard his uncle discussing the traffic stop of the limousine while they were driving to Louisiana, and the presence of Williams's vehicle at the Race Track after Ramos was

directed there along with the simultaneous departure of the three vehicles involved in the drug trafficking venture.

Viewing the evidence in the light most favorable to the verdict, a reasonable trier of fact could have found that Williams was a member of the conspiracy to possess with intent to distribute more than five kilograms of cocaine and that he was in constructive possession of drugs for that purpose. United States v. Fuchs, 467 F.3d 889, 908 (5th Cir. 2006). The evidence also supported a conviction for aiding and abetting in the possession of cocaine with intent to distribute. United States v. Delgado, 256 F.3d 264, 274-75 (5th Cir. 2001). Williams's convictions are affirmed.

Williams argues that the district court erred in applying a two-level increase for his role in the offense pursuant to U.S.S.G. § 3B1.1(c) because the evidence did not support a finding that he was a manager or supervisor of any criminal activity. He contends that the Government's factual assertions in its objection were contradicted by the trial testimony that it was Tony who was the leader of the drug trafficking organization.

The Government concedes that it erroneously represented facts concerning Williams's role in the offense in its objections to the presentence report. The Government asserts that because the district court relied on the incorrect information provided by the Government in calculating the guidelines range, the case should be remanded for resentencing to determine whether there should be an adjustment for Williams's role in the offense.

As the Government concedes, Ramos's trial testimony contradicted the Government's assertions concerning Williams's role in the drug operation, which were adopted by the probation officer and the district court. The Government asserted that Williams had recruited Ramos, had given him all the instructions regarding the operation, had loaded the drugs into the limousine, and had paid Ramos. Ramos's testimony reflected that Tony initially recruited him in 2002 and directed that operation. Ramos also testified that, with respect to the

instant offense, the drugs were stored in Tony's house, Tony packed and loaded the drugs into the limousine, and Tony paid Ramos for his services. Although the evidence reflected that Williams directed some of Ramos's movements during the trip, it is not clear that the Government's inaccurate statement of the evidence did not affect the district court's decision to make the adjustment. Williams has carried his burden of showing that the probation officer relied on inaccurate information in recommending the adjustment. See United States v. Valencia, 44 F.3d 269, 274 (5th Cir. 1995). The sentences are vacated and the case is remanded to the district court for a factual determination whether Williams had the requisite leadership role in the offense. See United States v. Elwood, 999 F.2d 814, 817-18 (5th Cir. 1993).

CONVICTIONS AFFIRMED; SENTENCES VACATED AND REMANDED FOR RESENTENCING