**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 28, 2011

Lyle W. Cayce
Clerk

No. 10-60164
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JIMMY GATHRITE, also known as Cheatta,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:09-CR-58-4

Before WIENER, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

A jury convicted Defendant-Appellant Jimmy Gathrite of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a). The district court sentenced him to 62 months in prison. In this appeal, Gathrite presents four issues for review.

Gathrite first contends that the district court abused its discretion in ruling that, in his opening statement, he could not refer to evidence that he had been released on bond pending trial to obtain drug treatment. Gathrite asserts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court's ruling negatively affected his ability to present his theory of the case, i.e., that, because he was a drug user rather than a drug dealer, he was not involved in the drug transaction at issue. The record reflects, however, that Gathrite repeatedly advanced the theory of his case during his cross-examination of the government's witnesses and in his closing argument, and that he never revisited the court's evidentiary ruling. Thus, Gathrite has failed to show that the district court's evidentiary ruling constituted an abuse of discretion. *See United States v. Clark*, 577 F.3d 273, 287 (5th Cir.), *cert. denied*, 130 S. Ct. 809 (2009).

Gathrite next claims that the district court abused its discretion during voir dire when it directed the government to use one of its peremptory challenges to excuse prospective juror Gladys Rounds. As Gathrite failed to object to the voir dire proceedings, we review for plain error. *See United States v. Birdsell*, 775 F.2d 645, 651-52 (5th Cir. 1985). The record reflects that the government willingly used its last peremptory challenge to excuse Rounds, a prospective juror who likely could have been excused for cause after she stated that she would hold a defendant's failure to testify against him, and the government could not rehabilitate her. *See United States v. Whitfield*, 590 F.3d 325, 360 (5th Cir. 2009), *cert. denied,* 131 S. Ct. 124 (2010). Gathrite has not alleged that the government's peremptory challenge was exercised for a discriminatory purpose or infringed his own challenges. Neither has he alleged that the jurors who actually served were not impartial; as such, he has shown no basis for reversal of his conviction on this ground. *See Whitfield*, 590 F.3d at 360. Gathrite has failed to show that the district court plainly erred in overseeing the voir dire proceedings. *See Birdsell*, 775 F.2d at 652-53.

Gathrite next complains that the government failed to prove an element of the offense of conviction, *viz.*, that he intended to distribute cocaine base. *See United States v. Cain*, 440 F.3d 672, 675 (5th Cir. 2006). As Gathrite moved for a judgment of acquittal at the close of the government's case and again at the

close of all the evidence, he preserved his sufficiency challenge.  *See* FED. R. CRIM. P. 29(a); *United States v. Ferguson*, 211 F.3d 878, 882 (5th Cir. 2000).  The evidence in the instant case, which includes testimony and an audio recording, gives ample support for the jury's verdict.  It shows that Gathrite intended to distribute cocaine base because he was the person who handed the cocaine base to the buyer during the transaction.  Therefore, "considering all the evidence in the light most favorable to the verdict, a reasonable trier of fact could have found" beyond a reasonable doubt that Gathrite possessed cocaine base with the intent to distribute it.  *See United States v. Mendoza*, 226 F.3d 340, 343 (5th Cir. 2000).

Next, Gathrite contends that the district court should have imposed a sentence that was less than the mandatory minimum sentence of 60 months based on either the safety valve exception in 18 U.S.C. § 3553(f) or the disparity between sentences for crack cocaine and powder cocaine offenses (crack/powder disparity).  Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in  § 3553(a).  *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005).  We review the district court's application of the guidelines de novo and its findings of fact for clear error.  *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Gathrite's offense of conviction involved 11.4 grams of cocaine base, so he was subject to a mandatory minimum sentence of 60 months in prison.  *See* § 841(b)(1)(B).  Gathrite might have avoided the imposition of the mandatory minimum sentence, however, pursuant to the so-called "safety valve" provision of § 3553(f), if he were able to satisfy five criteria.  *United States v. Lopez*, 264 F.3d 527, 529-30 (5th Cir. 2001).  The fifth criterion, the only one at issue here, requires the defendant truthfully to provide the government with all information and evidence that he has regarding the offense.  § 3553(f)(5).  At his sentencing hearing, Gathrite insisted that he satisfied the fifth criterion when he talked to

law enforcement officials about his drug addiction, which led to his participation in a drug treatment program. The district court ruled that Gathrite had not provided the information required by § 3553(f)(5). The record supports the district court's determination. Accordingly, the district court did not clearly err in ruling that Gathrite failed to satisfy 3553(f)(5). *See United States v. Edwards*, 65 F.3d 430, 432 (5th Cir.1995).

Finally, Gathrite claims that the district court should have imposed a lesser sentence on him in light of the crack/powder disparity, asserting that the district court failed to consider his argument. The record contradicts Gathrite's assertion: It reflects that the district court was aware of the crack/ powder disparity, including the fact that the issue was then pending before Congress, but that the district court rejected Gathrite's arguments. Accordingly, Gathrite's reliance on *United States v. Burns*, 526 F.3d 852, 860-61 (5th Cir. 2008), a case in which the district court indicated that it did not have the discretion to consider arguments regarding the crack/powder disparity, is misplaced.

AFFIRMED.