# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 20, 2011

No. 10-10724

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

DELANO WATSON,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-76-1

Before HIGGINBOTHAM, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

At the conclusion of a trial in the United States District Court for the Northern District of Texas, the jury convicted Delano Watson of eleven counts of Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent Return in violation of 26 U.S.C. § 7206(2). Watson now brings this appeal. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10724

**I**

Delano Watson worked, among other jobs, as a tax preparer. Clients would pay Watson, and he would prepare their tax returns. The Internal Revenue Service (IRS) launched an investigation upon becoming aware of anomalies in some returns prepared by Watson. At trial, the jury heard testimony from a number of witnesses who stated that their returns, prepared by Watson, included improper deductions that they had never discussed with Watson. Some of these government witnesses were Watson's social acquaintances—for instance, one witness was Watson's neighbor and another was a childhood friend who at one point lived with Watson. Disputing the testimony of the government's witnesses, Watson argued that he had no knowledge of inaccuracies on the returns he prepared and had only included deductions at his clients' direction. To that end, he presented the testimony of other clients who stated that Watson properly prepared their returns in accordance with their directions.

Two elements of the trial are relevant on appeal. First, the district court admitted evidence that Watson had falsified his and his wife's tax returns in the same time period as some of the conduct charged in the indictment. The government sought to introduce this evidence indicating that Watson had listed his own tax filing status as single—and provided a false address—while simultaneously filing his wife's tax return listing her as head of her household—providing their actual joint address. The Watsons' challenged tax returns were filed in 2001 through 2003, while the indictment stems from tax returns filed in 2002 through 2005. After hearing Watson's objections, the district court admitted the evidence as intrinsic to the charged offenses, or in the alternative, under Federal Rule of Evidence 404(b) as evidence of intent in the absence of mistake. The court also provided a limiting instruction regarding this evidence, directing the jury that Watson could not be punished for any crimes

2

not included in the indictment. Instead, evidence of uncharged conduct could be used only for the limited purpose of determining whether Watson had the requisite state of mind to commit the charged crimes or if he had committed the charged acts by accident or mistake.

Watson also objected to the district court's refusal to provide the jury with his proposed instruction regarding his theory of the case. Watson sought the following instruction:

> The defendant has introduced evidence indicating that he did not **willfully** assist in the preparation and presentation of false or fraudulent tax returns. Specifically, the evidence shows that the defendant merely relied on the information provided to him by the taxpayers, and any fraudulent representations in those returns were made by the taxpayers, not the defendant. If you believe this evidence, or if this evidence raises a reasonable doubt in your mind as to whether the defendant personally falsified the fraudulent information in the tax returns, instead of the taxpayers, then you must return verdicts of not guilty on any and all counts where you believe this reasonable doubt exists.

The district court rejected the proposed instruction, determining that it was not "in [the] proper form or warranted." Nonetheless, the court's jury instruction did include direction, *inter alia*, that the jury needed to be convinced that Watson knew the statements in the tax returns were false, and that he acted "willfully, that is, with intent to violate a known legal duty."

Watson now appeals with respect to the district court's evidentiary ruling and its refusal to provide his desired jury instruction. Our jurisdiction is properly vested over this appeal pursuant to 28 U.S.C. § 1291.

## II

Watson first challenges the admission of evidence that he had improperly prepared his and his wife's tax returns to state, inaccurately, that they were not

married. We review the admission of such evidence for an abuse of discretion.[1] Watson contends that the evidence was neither intrinsic evidence nor appropriately admitted pursuant to Federal Rule of Evidence 404(b). However, even if the evidence was extrinsic, the district court did not abuse its discretion in admitting it under Rule 404(b). That rule permits the admission of extrinsic evidence of past wrongs under certain circumstances.[2] As a result, we need not address whether the evidence was intrinsic.

Although evidence of "other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," under Rule 404(b) such evidence may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."[3] "In a criminal case, Rule 404(b) evidence must 'be strictly relevant to the particular offense charged.'"[4] Our court uses a two-step test to evaluate the admissibility of evidence under Rule 404(b): "'First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403.'"[5]

Here, the challenged evidence indicated that Watson filed tax returns containing information that he, logically, must have known to be false—his and his wife's incorrect marital information. At trial, Watson argued that he had not

---

[1] *United States v. Nguyen*, 504 F.3d 561, 573-74 (5th Cir. 2007).

[2] *Id.* at 574.

[3] FED. R. EVID. 404(b).

[4] *United States v. Yi*, 460 F.3d 623, 631 (5th Cir. 2006) (quoting *United States v. Hernandez-Guevara*, 162 F.3d 863, 869 (5th Cir. 1998)).

[5] *Nguyen*, 504 F.3d at 574 (quoting *United States v. Morgan*, 117 F.3d 849, 861 (5th Cir. 1997)) (internal brackets omitted).

intentionally prepared false returns. He contended that to the extent falsehoods were included in the tax returns, he had merely transcribed the information provided to him by his clients. Thus, as the district court noted, this evidence—indicating that Watson also listed erroneous information he logically knew to be false on his own tax returns—was relevant both to Watson's intent and to the absence of a mistake in preparing false returns for his clients.

With respect to the second step of our Rule 404(b) test, the probative value of the evidence was not substantially outweighed by undue prejudice. In addressing this question, "we must make a common-sense assessment of the relevant circumstances."[6] In *United States v. Adair*, we noted the following factors: "(1) the extent to which the defendant's unlawful intent is established by other evidence; (2) the overall similarity of the extrinsic and charged offenses; and (3) how much time separates the extrinsic and charged offenses because temporal remoteness depreciates the probity of the extrinsic offense."[7] The evidence was not cumulative. As noted above, this evidence addressed Watson's raised defense that he lacked the necessary mental state for the charged offense. As in *Adair*, given that Watson argued that the jury should find "reasonable doubt as to his intent, the government cannot now be penalized for having offered additional evidence as to [Watson's] intent."[8] Moreover, the extrinsic and charged offenses are similar— both involve false statements on tax returns—and occurred in a similar time period.

Further, we observed in *Adair* that there was "little opportunity of creating unfair prejudice" under Rule 404(b) when the challenged testimony "did

---

[6] *United States v. Adair*, 436 F.3d 520, 526 (5th Cir. 2006) (citing *United States v. Beechum*, 582 F.2d 898, 914 (5th Cir. 1978)).

[7] *Id.* (quoting *Beechum*, 582 F.2d at 915) (internal quotation marks and brackets omitted).

[8] *Id.*

not occupy a significant portion of the trial," the testimony did not discuss "a more serious offense" than was charged in the indictment, and "the district court [had] mitigated any prejudicial effect by giving the jury a limiting instruction."[9] All three of those conditions in *Adair* are similarly present in the instant case. In short, the district court did not abuse its discretion by admitting evidence of the false statements on the Watsons' tax returns.

## III

Watson next challenges the district court's refusal to provide his desired jury instruction. On appeal, Watson characterizes this instruction as providing his theory of the case that the taxpayers "may not have provided him accurate information." We review a district court's refusal to give a requested jury instruction for an abuse of discretion.[10]

Though a defendant is generally entitled to an instruction on a recognized defense for which evidentiary support is present,[11] this entitlement is not absolute. As we have stated, "We will reverse a district court's refusal to give a requested jury instruction only if three elements are present: (1) the requested instruction is substantially correct; (2) the requested instruction was not substantially covered in the charge as a whole; and (3) the omission of the requested instruction 'seriously impaired the defendant's ability to present a given defense.'"[12] Here, Watson's proposed instruction was not substantially correct, and we therefore need not consider the remaining factors.

---

[9] *Id.* at 527.

[10] *United States v. Mata*, 491 F.3d 237, 241 (5th Cir. 2007) (citing *United States v. Thomas*, 12 F.3d 1350, 1365 (5th Cir. 1994)).

[11] *Id.* (citing *United States v. Maseratti*, 1 F.3d 330, 336 (5th Cir. 1993)).

[12] *Id.* (quoting *United States v. Cain*, 440 F.3d 672, 674 (5th Cir. 2006)).

No. 10-10724

Watson's proposed jury instruction suffers from multiple deficiencies, each of which provides an independent basis on which we could affirm the district court's refusal of the instruction. The proposed instruction stated that Watson's "evidence shows that the defendant merely relied on the information provided to him by the taxpayers, and any fraudulent representations in those returns were made by the taxpayers, not the defendant." We have stated that a "'trial judge is under no obligation to give a requested jury instruction that . . . is argumentative.'"[13] Here, Watson sought to have the district court instruct the jury on what "the evidence shows." Contrary to Watson's contention on appeal, a court does not abuse its discretion by refusing to give an instruction that directs the jury as to the meaning of certain evidence.

Alternatively, we have held that a district court "may properly decline to give a requested instruction which incorrectly states the law."[14] Watson's evidence focused on accurate returns filed by other clients. Watson sought the jury to be instructed that if they "believe[d] this evidence," they "must return verdicts of not guilty." Merely because jurors believed evidence that some of Watson's clients filed accurate returns, however, does not imply—as Watson's proposed charge directs—that the jury "must return verdicts of not guilty" with respect to the charges that he willfully prepared false returns for others.

Further, Watson's proposed instruction stated that jurors "must return verdicts of not guilty" if they believed that Watson had not "personally falsified the fraudulent information in the tax returns." This is an inaccurate recitation of the law: we have recognized that "the express words of the statute provide that a defendant need only knowingly assist or advise the preparation or

---

[13] *Id.* (quoting *United States v. Asibor*, 109 F.3d 1023, 1035 (5th Cir. 1997)).

[14] *United States v. Neal*, 951 F.2d 630, 633 (5th Cir. 1992) (citing *United States v. Robinson*, 700 F.2d 205, 211 (5th Cir. 1983)).

No. 10-10724

presentation of a fraudulent or false return."[15]  In *United States v. L'Hoste*, we held a proposed jury instruction inappropriate because under certain circumstances the instruction "would have bound the jury to return verdicts of not guilty in the face of proven" guilt.[16]  Similarly, here the jury could have concluded that Watson knew of taxpayers' ineligibility for certain claimed deductions, even if the jury believed that the taxpayers had requested that Watson list those deductions.  For example, Watson was charged with falsely listing an educational credit on the tax form of Albert Garner, his childhood friend with whom he had once lived.  Even assuming, *arguendo*, that the jury did not believe Garner's testimony that he had never told Watson to list the tax credit, Watson would not necessarily be exculpated.  Rather, the jury could have nonetheless reasonably concluded that Watson would have known his friend lacked eligibility for such a credit.

*    *    *

We AFFIRM.

---

[15] *United States v. Clark*, 577 F.3d 273, 285 (5th Cir.) (citing 26 U.S.C. § 7206(2)), *cert. denied*, 130 S. Ct. 809 (2009).

[16] 609 F.2d 796, 808 (5th Cir. 1980).