# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 20, 2013

Lyle W. Cayce
Clerk

No. 12-30304
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL AMACKER,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CR-133-1

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Michael Amacker appeals his guilty-plea convictions for possession with the intent to distribute marijuana and possession of a firearm in furtherance of a drug-trafficking crime. Amacker argues that the district court plainly erred in accepting his guilty plea because the factual basis was insufficient to support his conviction for possession with the intent to distribute marijuana. Specifically, Amacker contends that the factual basis did not include any evidence from which one could infer the element of intent to distribute because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the amount of marijuana was "relatively small" and was not packaged into smaller quantities.  Based on the assertion that his conviction for possession with the intent to distribute marijuana should be vacated, Amacker argues that the conviction for possession of a firearm during a drug-trafficking crime should also be vacated.  Amacker does not challenge his conviction for possession of a firearm by a felon.

Because Amacker failed to challenge his convictions on this ground in the district court, our review is limited to plain error.  *See United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006).  To establish plain error, Amacker must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Puckett*, 556 U.S. at 135.  "Plain" error is error so clear or obvious that "the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it."  *United States v. Delgado*, 672 F.3d 320, 330 (5th Cir.) (en banc) (internal quotation marks and citations omitted), *cert. denied*, 133 S. Ct. 525 (2012).

A district court cannot enter a judgment of conviction based upon a guilty plea unless it is satisfied that there is a factual basis for the plea.  FED. R. CRIM. P. 11(b)(3).  The district court is required "to determine that the *factual* conduct to which the defendant admits is sufficient *as a matter of law* to constitute a violation of the statute."  *United States v. Marek*, 238 F.3d 310, 314 (5th Cir. 2001) (en banc).  "[I]nferences may be 'fairly drawn' from the evidence adduced after the acceptance of a guilty plea but before or at sentencing."  *United States v. Hildenbrand*, 527 F.3d 466, 475 (5th Cir. 2008).

Amacker was in possession of a backpack containing six ounces or 170 grams of high grade marijuana.  There was no testimony or any other indication as to whether this amount is consistent with personal use or distribution.  In

Amacker's vehicle, officers found a handgun, twelve rounds of ammunition, a ledger, and $14,000 in cash. An additional $1000 in cash was found on Amacker's person. Although the drug quantity was arguably not large, given the presence of a firearm, ammunition, ledger, and large amounts of cash, the factual basis was sufficient to show an intent to distribute. *See United States v. Cain*, 440 F.3d 672, 673 (5th Cir. 2006). In light of these facts, any error was not so clear or obvious that "the trial judge and prosecutor were derelict in countenancing it." *Delgado*, 672 F.3d at 330 (internal quotation marks and citations omitted). Therefore, the district court did not plainly err in accepting his guilty plea. *See Marek,* 238 F.3d at 314. Because Amacker's challenge to his conviction on count one fails, his argument regarding count three likewise fails.

Accordingly, the judgment of the district court is AFFIRMED.