# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40124
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EULALIA GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-11-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

A jury convicted Eulalia Garcia of possession with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2, and acquitted her of conspiracy to commit the substantive offense. On appeal, her retained attorney, J.M. Alvarez, posits just the opposite: that Garcia was convicted of the conspiracy offense and acquitted of the substantive offense. We are presented with the sole argument that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence was insufficient to convict Garcia of the conspiracy offense. Garcia's failure to challenge her actual conviction or sentence constitutes an abandonment of the issues. *United States v. Miranda*, 248 F.3d 434, 443 (5th Cir. 2001). The district court judgment is therefore AFFIRMED.[1]

We must also note that counsel's brief is exceptionally poor. Not only does counsel erroneously present the count of conviction, but he makes a number of other inexcusable errors demonstrating that he has not fulfilled "[h]is role as advocate [which] requires that he support his client's appeal to the best of his ability." *Anders v. California*, 386 U.S. 738, 744 (1967). Nor has he complied with his duties under Federal Rule of Appellate Procedure 28(a)(8)(A) to present his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(8)(A). Counsel's brief cites scant case law, mispresents the law, at times is incomprehensible, contains numerous sentence fragments and typographical errors, quotes from the trial transcript without notation, and even erroneously requests that we overturn Garcia's conviction for murder, a crime never alleged in this case.

Sanctions may be warranted where counsel's arguments are "totally without merit and his briefing . . . sloppily prepared." *Macklin v. City of New Orleans*, 293 F.3d 237, 241 (5th Cir. 2002). We have imposed sanctions under Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927 for the filing of a "'slap-dash' excuse for a brief" after noting that "poor quality of briefing is inexcusable." *Carmon v. Lubrizol*, 17 F.3d 791, 795 (5th Cir. 1994). Counsel

---

[1] Even if we were to exercise our discretion under *Miranda* to consider the unbriefed issue of whether the evidence was sufficient to support Garcia's actual offense of conviction, we would affirm nonetheless. Based on the evidence presented at trial, any rational trier of fact could have found the essential elements of her crime beyond a reasonable doubt. *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc); *United States v. Cain*, 440 F.3d 672, 675 (5th Cir. 2006).

No. 16-40124

is therefore WARNED that we will impose sanctions for future frivolous filings. *See Cilauro v. Thielsch Eng'g*, 123 F. App'x 588, 591 (5th Cir. 2005) (issuing a warning to counsel for filing a frivolous brief).