# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2021

Lyle W. Cayce
Clerk

No. 20-10640
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Pablo Quezada,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-364-1

Before Owen, *Chief Judge*, and Ho and Engelhardt, *Circuit Judges*.
Per Curiam:*

Juan Pablo Quezada appeals his 480-month sentence of imprisonment after pleading guilty to conspiracy to possess with intent to distribute at least 50 grams of methamphetamine. 21 U.S.C. § 846; 21 U.S.C. § 841(a)(1), (b)(1)(B). In 2019, the Drug Enforcement Administration (DEA) and the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Federal Bureau of Investigation (FBI) began investigating Quezada for methamphetamine distribution. After receiving large amounts of methamphetamine on multiple occasions from his source, Quezada would sell the drugs to several individuals who, in turn, sold them to their customers. To obtain and deliver the drugs, Quezada relied on several couriers, and he directed others to coordinate the activities of those couriers. Quezada's Presentence Report (PSR) attributed to him for sentencing purposes 2,977,672 kilograms of converted drug weight. Although the Sentencing Guidelines recommended a term of life in prison, Quezada received 480 months, the statutory maximum.

Quezada's counseled brief is not entitled to liberal construction. *See Woodfox v. Cain*, 609 F.3d 774, 792 (5th Cir. 2010). Thus, his first claim on appeal that the district court clearly erred in accepting the PSR's calculation of drug quantity attributable to him is waived due to inadequate briefing. *See United States v. Stalnaker*, 571 F.3d 428, 439-40 (5th Cir. 2009); Fed. R. App. P. 28(a)(8)(A). He failed to identify or explain (1) what portion of the drug quantity he is disputing; (2) which statements by co-defendants he is challenging; (3) how the PSR is unreliable; and (4) how *United States v. Mergerson*, 4 F.3d 337 (5th Cir. 1993), supports his position. His second claim on appeal regarding his role enhancement as a leader or organizer of a criminal activity, U.S.S.G. § 3B1.1(a), is also waived due to inadequate briefing; he failed to cite analogous cases, point to specific portions of the record, or explain his argument beyond a handful of conclusory and nonspecific statements. *See Stalnaker*, 571 F.3d at 439-40; Fed. R. App. P. 28(a)(8)(A).

However, even assuming *arguendo* that Quezada adequately briefed these issues, his claims would still fail. *See United States v. Scroggins*, 599 F.3d 433, 448-49 (5th Cir. 2010) (addressing merits of an inadequately-briefed issue). Quezada's PSR is sufficiently reliable because it contains several

paragraphs detailing his drug activities, including quantities of drugs and his role as a leader, which are based on the results of an investigation by the DEA and the FBI. *See United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014). Furthermore, Quezada stipulated in his factual resume that he directed or instructed others. Quezada has failed to present any rebuttal evidence to question the veracity of the information in his PSR. *See United States v. Harris*, 702 F.3d 226, 230-31 (5th Cir. 2012). Thus, the district court neither clearly erred in accepting the PSR's drug quantity calculation, *see United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005), nor clearly erred in awarding Quezada a role enhancement for being a leader of the criminal activity, *see United States v. Caldwell*, 448 F.3d 287, 293 (5th Cir. 2006). Therefore, the district court's judgment is AFFIRMED.

Beyond the waiver issues discussed above, Quezada's brief also fails to comply with Federal Rule of Appellate Procedure 28(a)(6) because it did not contain a statement of the case with facts "relevant to the issues . . . with appropriate references to the record." Additionally, counsel who authored the brief, J. Warren St. John, apparently copied and pasted the drug quantity argument from two briefs that he previously filed in this court for other defendants without tailoring it to the unique facts of Quezada's case. He also incorrectly stated the length of Quezada's sentence. We previously admonished St. John for generically copying and pasting arguments in *United States v. Coleman*, 610 F. App'x 347, 356, 356 n.3 (5th Cir. 2015) (holding that issue on appeal was abandoned because argument was "conclusory, nonspecific and unpersuasive"). Thus, counsel is WARNED that future frivolous filings could subject him to sanctions. *See United States v. Garcia*, 672 F. App'x 442, 443 (5th Cir. 2016) (issuing sanction warning to counsel for same).